UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM T. MORRISON, JR.,

    Petitioner,

v.                                  Case No. 3:14cv20/RV/CJK

MICHAEL D. CREWS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 14), with supporting memorandum (doc. 15). Respondent moves to dismiss the petition as time-barred (doc. 17), providing relevant portions of the state court record (doc. 9). Petitioner opposes dismissal (doc. 26), and requests a hearing to present testimony and argument on the issue of equitable tolling (doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely

and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged on September 23, 2005, in Escambia County Circuit Court Case Number 05-CF-4623 with four crimes: Organized Fraud (Count 1) and three counts of Engaging in a Business as a Contractor Without Being Registered or Certified (Counts 2-4). (Doc. 9, Ex. A).[1] On September 28, 2006, a Second Amended Information was filed charging a total of seven counts (three first-degree felonies, three third-degree felonies and one first-degree misdemeanor). (Ex. C). Petitioner, represented by counsel, negotiated a plea agreement whereby the State agreed to drop two first-degree felony charges (two counts of Organized Fraud) and to nolle prosse charges in two additional cases pending against petitioner (Case Nos. 06-CF-3999 and 05-CF-5783), in exchange for petitioner pleading guilty to the five remaining charges in Case No. 05-CF-4623. (Ex. F, pp. 555-56, 560). There was no agreement as to a particular sentence; however, the parties agreed to a sentencing range for petitioner of 12-17 years in prison as an Habitual Felony Offender (HFO), and further agreed that the judge would decide whether petitioner's sentence would run consecutive to or concurrent with a previously imposed sentence from the State of Missouri. (Ex. F, pp. 555-56, 558; Ex. G, Ex. H, pp. 31-32). The parties announced their agreement in open court on October 25, 2006. (*Id.*). In addition, the parties memorialized their agreement on a written plea form, titled "Sentence Recommendation," which set forth the terms of the agreement and also explained the constitutional rights petitioner was waiving by entering his plea. By signing the plea

---

[1] All references to exhibits are to those provided at Doc. 9, unless otherwise noted. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

*Case No: 3:14cv20/RV/CJK*

form, petitioner acknowledged that: (1) he read and understood the plea agreement; (2) he discussed with his attorney all of the consequences of entering a guilty plea, including his sentence exposure; (3) he was satisfied with his attorney's advice and services; (4) his attorney had not compelled or induced him to enter into the plea agreement by any force, duress, threats, pressure, or promises; (5) he was not under the influence of any medication or drugs; and (6) he reviewed the facts of his case with his attorney and agreed and stipulated there were sufficient facts available to the State to justify his guilty plea. (Ex. G; Ex. F, p. 561). Consistent with the parties' agreement, the State, at the October 25, 2006 hearing, filed a Third Amended Information in Case No. 05-CF-4623 which removed the two charges of Organized Fraud and charged petitioner with only five counts: two counts of Contracting Without a License During a Declared Emergency (Counts 1 and 3), one count of Contracting Without a License (Count 2), one count of Conducting or Participating in an Enterprise Through a Pattern of Racketeering Activity (Count 4) and one count of Tampering with Evidence (Count 5). (Ex. D; Ex. F, p. 559). The State nolle prossed the charges in Case Nos. 06-CF-3999 and 05-CF-5783 (Ex. F, p. 560), and filed a Notice of Intent to Seek Habitual Felony Offender Sanctions. (Ex. E). The court conducted an extensive plea colloquy and accepted petitioner's plea after finding it was given freely, knowingly and voluntarily and was supported by a sufficient factual basis. (Ex. F).

 A sentencing hearing was held on April 3, 5 and 10, 2007. (Ex. H). Petitioner confirmed his stipulation that he qualified as an HFO. (Ex. H, pp. 325-26). The State, in an abundance of caution, presented evidence of petitioner's prior convictions supporting petitioner's sentencing as an HFO. (*Id.*, p. 326). After hearing arguments

on the appropriate sentence, the trial court adjudicated petitioner guilty of all offenses listed in the Third Amended Information, and sentenced petitioner as an HFO to twelve years in prison on the Conducting or Participating in an Enterprise Through a Pattern of Racketeering Activity (Count 4); five years in prison on each count of Contracting Without a License During a Declared Emergency (Counts 1 and 3) and Tampering with Evidence (Count 5), to run concurrently with each other and with the sentence imposed on Count 4; and time served on the Contracting Without a License (Count 2). (Ex. H, p. 503; Ex. I). The court ordered that the composite term of all sentences run consecutive to any previously imposed sentence. (Ex. H, pp. 503-04; Ex. I). Judgment was rendered April 10, 2007. (Ex. I, p. 524).

Petitioner appealed and appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made that reversible error occurred in the trial court. (Ex. J). Petitioner filed a *pro se* brief on November 3, 2008. (Ex. K). Petitioner's judgment of conviction and sentences were affirmed on March 19, 2009, without a written opinion. *Morrison v. State*, 18 So. 3d 1041 (Fla. 1st DCA 2009) (per curiam) (Table) (copy at Ex. L).

On December 13, 2009, petitioner filed a *pro se* motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), arguing for leniency. (Ex. N). The trial court denied the motion in a written order filed January 6, 2010. (Ex. O). Petitioner's motion for rehearing and clarification (Ex. P) was denied on February 11, 2010. (Ex. Q). Petitioner did not appeal.

On January 6, 2010, petitioner filed in the Escambia County Circuit Court a motion to compel, requesting that the Warden of Santa Rosa Correctional Institution (Warden R. Tifft) be compelled to comply with the Interstate Agreement on Detainers

Act (IADA) and act on a detainer lodged against petitioner by Lafayette County, Missouri. (Ex. R). The trial court denied the motion on February 8, 2010. (Ex. S).

On February 14, 2010, petitioner filed in the Florida First District Court of Appeal (First DCA) a petition for writ of mandamus against Warden Tifft, requesting that Tifft be compelled to advise petitioner of any detainers placed on him and any charging documents supporting those detainers. (Ex. T). The First DCA transferred the petition to the Santa Rosa County Circuit Court. (Ex. U). The petition was dismissed on March 24, 2010. *See Morrison v. Tifft*, Santa Rosa County Circuit Court Case Number 10-CA-394.

On July 4, 2011, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. W). The trial court denied the motion on August 5, 2011. (Ex. X). Petitioner did not appeal.

On October 6, 2011, petitioner filed another Rule 3.800(a) motion to correct illegal sentence. (Ex. AA). The trial court denied the motion on February 2, 2012. (Ex. BB). Petitioner's motion for rehearing was denied on February 24, 2012. (Ex. DD). Petitioner did not immediately appeal, but was granted a belated appeal. *Morrison v. State*, 93 So.3d 1245 (Fla. 1st DCA 2012) (copy at Ex. EE). The order granting the belated appeal directed: "Upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal." (*Id.*). The mandate issued September 11, 2012. (Ex. EE). On December 10, 2012, the First DCA affirmed the trial court's order denying relief. *Morrison v. State*, 105 So.3d 527 (Fla. 1st DCA 2012) (per curiam) (Table) (copy at Ex. HH). The mandate issued February 11, 2013. (Ex. KK).

On February 8, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Ex. LL), which he later amended (Ex. PP). The state circuit court denied the motion on the merits on October 1, 2012. (Ex. RR). The First DCA affirmed on September 12, 2013. *Morrison v. State*, 123 So.3d 1177 (Fla. 1st DCA 2013) (per curiam) (copy at Ex. AAA). The mandate issued November 18, 2013. (Ex. EEE). On October 9, 2013, petitioner filed a petition for discretionary review in the Florida Supreme Court. (Ex. FFF). The Florida Supreme Court declined to accept jurisdiction and denied the petition on July 8, 2014. *Morrison v. State*, No. SC13-2016, 2014 WL 3441130 (Fla. 2014) (Table).

On October 16, 2013, petitioner filed in the postconviction court a "Motion to Accept 3.850 Supplement Ground 11 as Timely Filed." (Ex. GGG). The court denied the motion on February 28, 2014. (Ex. HHH). Petitioner appealed. (Ex. III). The First DCA affirmed on July 14, 2014, without a written opinion. *Morrison v. State*, No. 1D14-1572, 2014 WL 3401697 (Fla. 1st DCA 2014) (per curiam) (Table).

Petitioner filed his original federal habeas petition in this court on December 31, 2013, (doc. 1, p. 1), which he later amended (doc. 14). Respondent asserts the petition is untimely and should be dismissed. (Doc. 17).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on March 19, 2009. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244

on June 18, 2009, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas statute of limitations began to run on June 19, 2009, and expired one year later on June 19, 2010, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner filed a Rule 3.800(c) motion on December 13 2009, but that motion did not statutorily toll the limitations period, because a Rule 3.800(c) motion does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2). *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (holding that petitioner's Fla. R. Crim. P. 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for state postconviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2)); *see also Baker v. McNeil*, 439 F. App'x 786, 787-89 (11th Cir. Aug. 17, 2011) (distinguishing *Wall v. Kohli*, 562 U.S. —, 131 S. Ct.1278 (2011), and confirming the continued validity of *Alexander, supra*). Petitioner concedes that his Rule 3.800(c) motion did not toll the AEDPA's statute of limitations. (Doc. 26, pp. 1-2).

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Respondent asserts, and petitioner concedes, that petitioner's state court filings in 2010 (the motion to compel and the petition for writ of mandamus seeking to enforce petitioner's rights under the IADA with regard to unrelated criminal charges) did not statutorily toll the AEDPA's statute of limitations under § 2244(d)(2), because neither pleading constitutes an "application for State post-conviction or other collateral review" of the Florida criminal judgment at issue here. (Doc. 17, pp. 12-13; Doc. 26, pp. 1-2); *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008) ("[A] state court motion is not an application for State post-conviction or other collateral review for purposes of § 2244(d)(2) *unless it attacks the legality of the sentence*.") (*citing Alexander*, 523 F.3d at 1297-98) (emphasis in original); *see also Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (finding that state prisoner's application to state court for writ of mandamus, requesting that trial court be directed to rule on prisoner's state habeas petition, was not an "application for collateral review" with respect to prisoner's conviction, and therefore, mandamus application did not toll the federal habeas statute of limitations). Neither petitioner's motion to compel nor his petition for writ of mandamus challenged petitioner's conviction and sentence, and neither pleading statutorily tolled the AEDPA's limitations period.

The federal habeas limitations period expired on June 19, 2010. None of petitioner's subsequent filings triggered the tolling benefit of § 2244(d)(2), because there was no limitations period left to be tolled. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (*citing McCloud v. Hooks*, 560 F.3d at 1227)); *Alexander*, 523 F.3d at 1294 (holding that a state court motion for

postconviction relief cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Petitioner's original federal habeas petition filed on December 31, 2013, is untimely.

## EQUITABLE TOLLING

Petitioner argues the limitations period should be equitably tolled. A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267. Decisions regarding equitable tolling "must be made 'on a case-by-case basis' in light of 'specific circumstances, often hard to predict in advance,' although [courts] 'can and do draw upon decisions made in other similar cases for guidance.'" *Hutchinson*, 677 F.3d at 1098 (*quoting Holland*, 130 S. Ct. at 2563).

Petitioner asserts he is entitled to equitable tolling from April 10, 2007 - November 3, 2009, because during that time he was confined in a federal prison in Leavenworth, Kansas awaiting trial on unrelated federal charges, and lacked access to legal research materials pertaining to the State of Florida. (Doc. 14, p. 22;[3] Doc. 15; Doc. 26). Petitioner asserts he is also entitled to equitable tolling from May 3, 2010 - March 14, 2011, because during that time he was confined in a county jail in Missouri awaiting trial on unrelated Missouri charges, and lacked access not only to Florida legal research materials but also to his Florida legal property. (*Id.*). Petitioner argues that the state court deemed his Rule 3.850 motion timely due to these circumstances, and that this court should do the same.

"[A] federal habeas petitioner is not entitled to equitable tolling merely because the state court granted an extension of time to file his state post-conviction petitions." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008); *Howell v. Crosby*, 415 F.3d 1250, 1251-52 (11th Cir. 2005) (holding that § 2254 petitioner whose state postconviction petition was timely filed pursuant to an extension of time granted by the state court but which was filed more than one year after his conviction became final under § 2244(d)(1)(A) was entitled to neither statutory nor equitable tolling).

This court need not decide whether petitioner has established the requisite extraordinary circumstance, because petitioner has not carried his burden of showing he pursued his federal rights diligently. The diligence required to justify equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.

---

[3] Page numbers of the amended petition are referenced according to the court's electronic docketing system.

Ct. at 2565 (internal quotation marks and citation omitted); *see also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (noting that reasonable diligence "'does not require a prisoner . . . to exhaust every imaginable option, but rather to make reasonable efforts.'" (*quoting Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). The *Holland* case illustrates a diligent pursuit of rights in the face of extraordinary circumstances in the habeas context. Holland, a death row inmate in Florida, attempted to keep in contact with his court-appointed attorney throughout his state postconviction proceedings. *Holland*, 130 S. Ct. at 2555. Specifically, Holland repeatedly sought assurance that his claims would be preserved for federal habeas review and that statutory deadlines would be met. *Id.* Holland's attorney's responses were irregular. *Id.* Holland repeatedly wrote to both the state supreme court and its clerk to ask that his attorney be removed from the case because of counsel's failure to communicate, but Holland's requests were denied. *Id.* at 2555-56. After the attorney argued *Holland*'s case in the Florida Supreme Court, Holland again wrote to the attorney to stress the importance of filing a timely federal habeas petition. *Id.* at 2556. Holland made repeated requests that his federal habeas petition be filed on time. *Id.* at 2556-57. Holland's federal habeas limitations period expired twelve days after the Florida Supreme Court denied relief, but Holland did not learn of the court's ruling until five weeks later while he was working in the prison library. *Id.* "He immediately wrote out his own pro se federal habeas petition and mailed it to the Federal District Court for the Southern District of Florida the next day." *Id.* at 2557. The Supreme Court found that Holland's actions satisfied the diligence requirement for equitable tolling, emphasizing that "reasonable diligence" rather than "maximum feasible diligence" was the standard. *Id.* at 2565.

In deciding whether the petitioner here exercised reasonable diligence, the undersigned is guided by the Eleventh Circuit's diligence analysis in *Hutchinson, supra*, a case decided after *Holland*. In *Hutchinson*, the federal habeas limitations period began to run on September 29, 2004, the date Hutchinson's conviction became final, and expired on September 30, 2005. *Hutchinso*n, 677 F.3d at 1099 n.1. Hutchinson filed a state postconviction motion under Fla. R. Crim. P. 3.851 on October 20, 2005. The state court denied the Rule 3.851 motion on January 3, 2008, and the Florida Supreme Court affirmed that denial on July 9, 2009. *Id.* at 1102. The Eleventh Circuit concluded that Hutchinson could not claim statutory tolling under § 2244(d)(2), because Hutchinson's Rule 3.851 motion was not filed until after the one-year period for filing a federal habeas petition expired. *Id*. at 1098. The court then addressed Hutchinson's argument for equitable tolling.

Hutchinson argued he was entitled to equitable tolling because his attorneys promised him they would file a state tolling motion (the Rule 3.851 motion) by the federal habeas deadline, but failed to file it until October 20, 2005, after the deadline expired. *Id.* at 1101-02. Hutchinson alleged that but for his attorneys' misconduct (their promise to file the Rule 3.851 motion within the one-year federal habeas limitations period and their assurances they were doing what was necessary to protect Hutchinson's federal habeas rights) he would have filed a *pro se* motion to prevent the limitations period from expiring. *Id.* at 1101. The Eleventh Circuit declined to decide whether Hutchinson established an extraordinary circumstance justifying the application of equitable tolling, and instead denied equitable relief on the grounds that Hutchinson failed to carry his burden of showing he pursued his federal rights diligently after the limitations period expired. *Id*. at 1102-03.

The Eleventh Circuit discussed the fact that Hutchinson could have filed his federal habeas petition on, or soon after, the date he filed his state postconviction motion (October 20, 2005), even though the limitations period had expired. *Id.* at 1102. The court noted the availability of the *Rhines* stay and abeyance procedure whereby a district court may hold a "mixed" federal habeas petition in abeyance until the petitioner's efforts to secure state collateral relief are completed. *Id.* at 1102 and n.7 (discussing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d (2005), which held that the district court should stay, rather than dismiss, a "mixed" petition if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). The Eleventh Circuit found significant the fact that Hutchinson did nothing to protect his federal habeas rights during the pendency of the state postconviction proceeding:

> Hutchinson did nothing . . . for nearly four years. He did not file his *pro se* habeas petition in federal court until July 24, 2009, which was long after the state trial court had denied his Rule 3.851 motion on January 3, 2008, and was also after the Florida Supreme Court had affirmed that denial on July 9, 2009. More to the point, Hutchinson waited to file his federal petition for three years, nine months and five days – a total of 1,374 days – after he learned on October 19, 2005 that his attorneys had missed the deadline for a filing in state court that would have tolled the federal limitations period. There is nothing in Hutchinson's affidavit or in his briefs to explain his delay of nearly four years. Nothing.
>
> We need not decide whether Hutchinson has established that an extraordinary circumstance stood in the way of his meeting the § 2244(d) filing deadline, because he has not carried his burden of showing that he pursued his rights diligently. Although Hutchinson's affidavit may show that he diligently attempted to have his state

> collateral motion filed in time to give him the benefit of § 2244(d) statutory tolling, it does not show that once that opportunity was missed he pursued his federal rights diligently. Instead, his affidavit and the other materials he has submitted show that he had in hand a petition [the Rule 3.851 motion] that he could have re-labeled and filed *pro se* in federal court within three weeks after the one-year limitations period ran, but he waited three-and-three-quarter years before he filed a *pro se* federal habeas petition. That is not reasonable diligence.

*Id.* at 1103 (citations omitted).

Here, petitioner has not shown he pursued his federal rights diligently while the limitations period ran, or after the opportunity for a timely federal habeas filing passed. Petitioner's one-year limitations period ran from June 19, 2009 - June 19, 2010. The record establishes that during petitioner's incarceration in Leavenworth, Kansas from April 10, 2007 - November 3, 2009, petitioner had access to federal legal materials and could have discerned the federal habeas deadline. (Doc. 9, Ex. QQ). Petitioner had his Florida legal property with him at that time, and filed a detailed *pro se* brief in his direct appeal which raised some of the claims petitioner raises here (ineffective assistance of trial counsel and prosecutorial misconduct). (Doc. 9, Ex. K). During the six-month period following his return to Florida (November 3, 2009) and preceding his extradition to Missouri (May 3, 2010), petitioner did not file any state tolling motions or otherwise protect his federal rights.

More significantly, after petitioner missed the federal habeas deadline (and the Rule 3.850 deadline), petitioner sought to have his Rule 3.850 motion deemed timely, but, again, did nothing to pursue his federal rights. Petitioner had in hand a petition (the Rule 3.850 motion filed on February 8, 2012) that he could have re-labeled and filed in federal court, but he waited almost 2 years before he filed his federal habeas petition on December 31, 2013. Petitioner even acknowledged in his Rule 3.850

motion that all of his claims would be raised in a federal habeas proceeding. (Doc. 9, Ex. LL, p. 18 and Ex. PP, p. 85). Petitioner then waited long after the state circuit court denied his Rule 3.850 motion on October 1, 2012, before filing his federal petition on December 31, 2013, which was also more than three months after the First DCA affirmed the circuit court's denial on September 12, 2013. That is not reasonable diligence. Petitioner fails to explain his delay. Petitioner cannot genuinely argue he did not believe he could not file a federal habeas petition until his state remedies were exhausted (doc. 15, p. 6), because he initiated this action while still attempting to obtain state postconviction relief on at least one of his habeas claims (Ground Eleven). (*See* Doc. 14, pp. 19, 23). Moreover, as emphasized by the court in *Hutchinson*, the stay and abeyance procedure was available.

Petitioner's allegations, even if true, do not justify an evidentiary hearing on the issue of equitable tolling. *Hutchinson*, 677 F.3d at 1099 (stating that a petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue."). Petitioner has not met his burden of establishing that he exercised reasonable diligence in pursuing his federal rights. Petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 17) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 14), challenging petitioner's judgment of conviction and sentence in *State of Florida v. William T. Morrison, Jr.* in the Circuit Court for Escambia County, Florida, Case No. 05-CF-4623, be DISMISSED WITH PREJUDICE.

3.  That petitioner's motion for a hearing on the issue of equitable tolling (doc. 27) be DENIED.

4.  That the clerk be directed to close the file.

5.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of October, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).